IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAUREL RUSTON, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) ) Case No. 3:22-cv-2873-DWD |
| WALMART, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant's Motion to Dismiss ("Motion") (Doc. 8) under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a Response in Opposition (Doc. 13) to the Motion. For the following reasons, the Motion is **DENIED**.

### I. Background

On October 28, 2022, Plaintiff filed a 2-Count Complaint (Doc. 1-2) in the Circuit Court of Lawrence County. Plaintiff, who is allegedly a citizen of the State of Illinois, was injured while visiting Walmart Supercenter in Lawrence County, Illinois, on June 17, 2022. (Doc. 1-2, pg. 4). Plaintiff was with a friend, Ms. Tammy Hill, while walking through Defendant's location at 2610 W. Haven Road, Lawrenceville, Illinois, 62439. *Id.* Ms. Hill had noted a very slick spot on the floor that Plaintiff, in that or another area, almost immediately slipped on, causing her to fall. *Id.* Plaintiff suffered a broken leg as a result of the incident. *Id.*

Plaintiff's Complaint (Doc. 1-2) against Defendant alleges: (1) negligence by Defendant in failing to maintain the premises in a reasonably safe condition and/or

failing to warn of known or discoverable danger to invitees, such as Plaintiff (Count I); and (2) Defendant's liability by means of *respondeat superior* for the negligent action or inaction of its employees within the scope of such employees employment (Count 2). Now, Defendant seeks a dismissal of the Complaint under Rule 12(b)(6). The Court notes that Defendant's Motion to Dismiss is arguably noncompliant with Local Rule 7.1(c), which states motions to dismiss "shall be supported by a brief." L.R. 7.1(c). Also, the 2-page Motion to Dismiss presents arguments in a cursory fashion. It fails to use citations and to develop those arguments with a detailed discussion of, *inter alia*, the Complaint, the relevant legal standards, and the applications of those legal standards to this case.

## II. Analysis

Federal Rule of Civil Procedure 8(a)(2) merely requires a complaint to provide a short and plain statement of the claim, showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the validity of a complaint for the failure to state a claim for which relief may be granted. *See Firestone Fin. Corp.*, 796 F.3d 822, 825 (7th Cir. 2015) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). To defeat such a motion, a plaintiff must allege enough facts to state a facially plausible claim for relief. *See Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 876 (7th Cir. 2020) (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012)); *Fosnight v. Jones*, 41 F.4th 916, 921-22 (7th Cir. 2022) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial Plausibility means the plaintiff pled enough facts to draw reasonable inferences as to liability. *See Fosnight*, 41 F.4th at 922 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint need not allege "detailed

factual allegations," but it must state enough facts to lift the claim above the speculative level. *See Kloss*, 462 F. Supp. 3d at 876 (citing *Twombly*, 550 U.S. at 555). When ruling, the Court accepts all well-pleaded facts as true and draws all inferences for Plaintiff. *See id.* (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)); *accord Kloss*, 462 F. Supp. 3d at 874-75.

### A. Negligence (Count I)

In order to properly state a cause of action in negligence, a complaint must allege sufficient facts to establish a duty by the defendant, a breach of that duty, and a resultant injury. *See Allstate Ins. Co. v. Winnebago Cnty. Fair Ass'n*, 131 Ill. App. 3d 225, 232 (1985) (quoting *Whalen v. Lang*, 71 Ill. App. 3d 83 (1979))).

Defendant argues that Plaintiff alleges insufficient facts in the Complaint. (Doc. 8, pg. 1). In terms of establishing the essential elements of a properly stated cause of action in negligence, Plaintiff sufficiently alleges Defendant had a duty to provide a reasonably safe walking surface for its customers. (Doc. 1-2, pgs. 3-5). Plaintiff also properly pled a breach of that duty by Defendant, alleging "Ms. Ruston slipped in the area of another or the same slick spot on the floor…." (Doc. 1-2, pg. 2). This concerns Ms. Hill remarking that she had just slipped on a slick spot on the floor moments before Ms. Ruston. Plaintiff properly alleges a clear injury being that of a broken leg. From these allegations, the Court **FINDS** Plaintiff has plausibly stated claims in negligence (Count I).

### B. *Respondeat Superior* (Count II)

Defendant contends that Count II of Plaintiff's Complaint "appears to duplicate Count I" and that a corporate entity may only ever act through its agents. (Doc. 8 pg. 2).

By Defendant's own argument, a corporate entity would never be liable by means of *respondeat superior*. Plaintiff does assert Count II *via* restating and reaffirming "paragraphs one (1) through forty (30) [*sic*] above." (Doc. 1-2 pg. 6). Not knowing the specific actor responsible for injury, it is necessary to establish Defendant's liability for actions committed by its employees through their principal/agent relationship. For a plaintiff to invoke the doctrine of *respondeat superior*, they must establish a principal/agent, master/servant, employer/employee relationship, and that the wrongdoer is either the employee, agent, or servant. *See Williams ex rel. Beaton v. Ingalls Memorial Hosp.*, 408 Ill. App. 3d 360, 369 (2011), *overruled on other grounds* 2012 IL 112898 (quoting *Moy v. Cnty. of Cook*, 159 Ill.2d 519, 523 (1994)). Plaintiff properly alleges an employer/employee relationship, as Defendant's Lawrenceville location was in operation on June 17th by Defendant's employees. (Doc 1-2 pg. 4). Furthermore, it is plausible the incident was caused by an employee in control of the premises. From these allegations, the Court **FINDS** Plaintiff has plausibly stated a claim for *respondeat superior* (Count II).

### III. Conclusion

For the reasons explained above, the Motion is **DENIED**. The Court reaches this conclusion despite the undeveloped arguments that Plaintiff improperly pled evidentiary, rather than ultimate, facts, and cited Illinois case law in the Complaint. Plaintiff clearly pled enough facts to put Defendant on notice of facially plausible claims for relief. *See Kloss, Inc.*, 462 F. Supp. 3d at 876; *Fosnight*, 41 F.4th at 921-22.

**SO ORDERED.**

Dated: August 16, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge
